United States District Court
Southern District of Texas
**ENTERED**
April 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 2:18-1122-1 |
| § | CIVIL NO. 2:23-82 |
| BRANDON SANCHEZ, § | |
| Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Brandon Sanchez has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 173, 173-2).[1] Now pending is the United States of America's (the "Government") Motion for Summary Judgment (D.E. 183), to which Movant did not respond.

**I. BACKGROUND**

Movant and three others were charged with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. He pled guilty to the sole count of the superseding indictment without a written plea agreement.

Magistrate Judge Jason B. Libby presided at Movant's rearraignment hearing. *See* 2/14/2019 Rearraign. Hrg. Tr., D.E. 146. Movant affirmed under oath that he and his attorney had reviewed the superseding indictment together and that he understood the nature of the charge, the elements of the offense, and his right to plead not guilty and proceed to trial. He stated that he'd had enough time to prepare and consult with his attorney about his case, and he was satisfied with the advice and services of his attorney. Defense counsel informed the Court that he had gone over the offered plea agreement with Movant and that Movant had decided not to take it. Movant agreed

---
1. Docket entries refer to the criminal case.

that he had been offered a plea agreement from the Government, his attorney had explained the plea agreement to him, and he rejected the plea agreement. He affirmed that he understood this meant he had no promises from the Government about any aspect of his case. Movant stated that he and his attorney had discussed how his sentence would be calculated under the Sentencing Guidelines and that he understood he faced a minimum mandatory sentence of 10 years up to a maximum of life imprisonment without parole. He acknowledged that the Court could impose the maximum sentence and that he could not withdraw his guilty plea if he did not receive the sentence he was expecting or had hoped for. He further testified that he was pleading guilty voluntarily and was not threatened or promised leniency in exchange for his guilty plea.

The Magistrate Judge accepted Movant's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. The Magistrate then ordered the Probation Office to prepare a Presentence Investigation Report (PSR) and filed Findings and Recommendations on Plea of Guilty, which were adopted by this Court. Movant did not file any objections to the Magistrate's findings.

The PSR (D.E. 78) assigned Movant a base offense level of 28 based on drug quantity, and two levels were added under U.S.S.G. § 2D1.1(b)(1) because he was in possession of three firearms. His adjusted offense level would have been 30; however, he was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1 based on his prior felony crimes of violence (Texas robbery and aggravated robbery with a deadly weapon), which resulted in a base offense level of 37. After a three-level adjustment for acceptance of responsibility, the resulting advisory Guideline range for Level 34, Criminal History Category VI, was 262–327 months' imprisonment.

2

Defense counsel filed an objection to the PSR, arguing that Movant should not be considered a career offender under U.S.S.G. § 4B1.1, as defined by U.S.S.G. § 4B1.2(a), because his prior Texas robbery conviction did not qualify as a violent felony under *United States v. Burris*, 896 F.3d 320, (5th Cir. 2018), and was due to "ineffective assistance" and Movant's "own and lack of sophistication with the legal system at the time." D.E. 76, pp. 2–3.[2] The Court overruled the objection at sentencing, explaining that "the Fifth Circuit had reversed [*Burris*] and held that the Texas conviction for a simple robbery qualifies as a predicate violent felony. . . . Under the guidelines Mr. Sanchez is considered a career offender based on his prior convictions." 5/21/2019 Sent. Hrg, Tr., D.E. 142 at 3:7-11, 4:16-29.[3] Defense counsel then moved for a downward variance, arguing that Movant was a street-level dealer whose underlying crimes of violence were dated. Movant requested leniency because "I had a real rough time when I got out of prison. . . . I tried to get a job and I tried to make it happen, and I just went back to . . . the streets." *Id.* at 6:21-25. The Court granted a downward variance and sentenced Movant to 238 months' imprisonment, to be followed by 5 years' supervised release. Judgment was entered on May 22, 2019.

---

2. The Sentencing Guidelines define a "crime of violence" as a felony that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "elements clause" or "force clause"); or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, extortion, or the use or unlawful possession of a firearm or explosive material (the "enumerated offenses clause"). U.S.S.G. § 4B1.2(a). The Armed Career Criminal Act (ACCA) defines a "violent felony" as a felony involving the use or carrying of a firearm, knife, or destructive device that: (i) has an element the use, threatened use, or attempted use of physical force against the person of another (also known as the "elements clause" or "force clause") or (ii) is burglary, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). Many courts treat § 924(e) and § 4B1.2 the same.

3. *Burris*, 896 F.3d 320, held that Texas simple robbery was not a violent felony under the ACCA's force clause. *United States v. Burris,* 920 F.3d 942 (5th Cir. 2019), reversed that opinion and held that Texas robbery was a violent felony under the ACCA's force clause. That opinion was issued shortly before the sentencing hearing in this case. In *United States v. Burris*, 141 S. Ct. 2781 (2021), the Supreme Court vacated and remanded that opinion for further consideration in light of *Borden v. United States,* 141 S. Ct. 1817 (2021), which held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the ACCA's force clause. In *United States v. Burris,* 856 F. App'x 547 (5th Cir. 2021), the Fifth Circuit held that Texas robbery was not a violent felony for purposes of the ACCA's force clause.

Movant filed a notice of appeal the following day. His appellate counsel filed a brief pursuant to *United States v. Anders*, 386 U.S. 738 (1967), and the Fifth Circuit Court of Appeals dismissed the appeal, finding there were no nonfrivolous issues for appeal. *United States v. Sanchez*, 2022 WL 965085, at *1 (5th Cir. March 30, 2022). Movant did not file a petition for a writ of certiorari. He filed the present motion on March 27, 2023. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's Section 2255 motion raises the following claims:

1) The Court erred in finding that Movant was a career offender under U.S.S.G. § 4B1.1;

2) Trial counsel was constitutionally ineffective because he failed to convince the Court that Movant was not a career offender under U.S.S.G. § 4B1.1;

3) Trial counsel was constitutionally ineffective because he failed to adequately pursue a plea bargain or explain the consequences of a guilty plea, which rendered Movant's plea unknowing and involuntary; and

4) Appellate counsel was constitutionally ineffective because he failed to raise Movant's career offender claim on appeal.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

### A. Misapplication of the Sentencing Guidelines

Movant first alleges that the Court erred in its technical application of the Sentencing Guidelines by finding that he was a career offender under U.S.S.G. § 4B1.1.

"Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.")). Moreover, because Movant failed to raise this claim on appeal, he is procedurally barred from raising it now. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (A collateral challenge "may not do service for an appeal."); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (Defendant "procedurally defaulted his claim by failing to raise it on direct review.").

Accordingly, this claim is denied.

### B. Ineffective Assistance of Counsel Claims

#### 1. Legal Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient

5

performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### 2. Analysis

#### a. Ineffectiveness as to U.S.S.G. § 4B1.1

Movant claims his trial counsel was constitutionally ineffective because he failed to convince the Court that Movant was not a career offender under U.S.S.G. § 4B1.1.

As described in Part I, *supra*, defense counsel objected to the PSR's finding that Movant was a career offender. The Court addressed the objection at sentencing and determined that it was meritless. Movant relies on *United States v. Borden*, 593 U.S. 420, 429 (2021), for his argument that his trial counsel should have nonetheless convinced the Court that Texas robbery is no longer a crime of violence under U.S.S.G. § 4B1.1, as defined in U.S.S.G. § 4B1.2(a). *Borden* was decided

after Movant was sentenced. Moreover, the Fifth Circuit has held that "[t]he holding in *Borden* does not affect th[e] precedent" that Texas robbery qualifies as a crime of violence under the enumerated-offense clause of § 4B1.2(a). *United States v. Williams*, 2022 WL 1171058, at *1 (5th Cir. 2022) (citing *United States v. Adair*, 16 F.4th 469, 470–71 (5th Cir. 2021); *United States v. Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014)). *See also Martinez v. United States*, 2022 WL 1522090, at *1 (S.D. Tex. 2022) (Rodriguez, J.) (denying § 2255 motion challenging application of the career offender enhancement based on a Texas robbery conviction). Movant also cites *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022); however, like *Borden* and *Burris*, *Garret* addresses the ACCA's force clause—not U.S.S.G. § 4B1.2(a)'s enumerated-offense clause, which applies here.

Because Movant's claim that he does not qualify as a career offender under the Guidelines is meritless, his trial counsel was not ineffective for failing to press this issue at sentencing. *See Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *United States v. Benjamin*, 2021 WL 1550220, at *10 (S.D. Tex. 2021) (Stacy, M.J.) ("Simply because the Court was unpersuaded by the arguments raised by counsel concerning the enhancements, does not mean that counsel's performance was deficient within the meaning of *Strickland*.").

Accordingly, this claim is denied.

### b. Ineffectiveness as to Plea Bargain

Movant next complains his trial counsel was constitutionally ineffective because he failed to "adequately pursue a plea bargain" or explain the consequences of a guilty plea, which rendered Movant's plea unknowing and involuntary. D.E. 173, p. 5. Movant states that "a plea was created, offered, and accepted outside of the court. However, on the day of the plea hearing, I changed my

7

mind due to the gross weights of drugs being attributed to my illegal activities. I was not properly prepared for such. My counsel did not go over and explain this to me." D.E. 173-2, p. 8. According to Movant, had counsel better prepared him for the plea-bargaining process, he would have taken the offered plea agreement and been sentenced to 218 months' imprisonment instead of 238 months.

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364–65, (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and citing *Strickland*, 466 U.S. at 686). *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla*, 559 U.S. at 370 (citing *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). "It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and the "lawyer must actually and substantially assist his client in deciding whether to plead guilty." *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting and *citing Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)). "It is his job to provide the accused an understanding of the law in relation to the facts." *Id.* "The advice he gives need not be perfect, but it must be reasonably competent." *Id.* In this context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *Id.* at 209; *accord Padilla*, 559 U.S. at 372 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been

8

rational under the circumstances.").

As detailed in Part I, *supra*, the record shows that Movant informed the Court at rearraignment that he was aware of the consequences of his guilty plea. He stated under oath that he'd had enough time to prepare and consult with his attorney about his case and was satisfied with counsel's advice. Movant agreed that he had been offered a plea agreement, his attorney had explained the plea agreement, and he rejected it. The Court explained that he could be sentenced up to life, and Movant acknowledged that he understood the maximum sentence he could face. He also stated that he understood how his sentence would be calculated under the Sentencing Guidelines. Finally, Movant stated that he was pleading guilty voluntarily.

Movant's sworn testimony during his rearraignment hearing is entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity" and create a "formidable barrier" in subsequent proceedings)). He asks the Court to overlook this testimony, but he provides only conclusory allegations about trial counsel's inadequate explanation and erroneous advice. He also offers no specifics about the offered plea agreement he rejected or the basis for his claim that he would have been sentenced to 218 months if he had accepted the plea offer. His advisory 262–327 month sentence was based on the career offender provisions of U.S.S.G. § 4B1.1(b), and nothing in the record indicates that any offered plea agreement would have affected that calculation. Finally, Movant states that "it is obvious that I planned to plead guilty" (D.E. 173-2, p. 9), and he does not argue that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Smith*, 844 F.2d at 209.

The evidence before the Court supports the finding that Movant's guilty plea was knowing

9

and voluntary, trial counsel was not ineffective at the plea-bargaining phase, and Movant was not prejudiced by counsel's advice.

Accordingly, this claim is denied.

### c. Ineffectiveness on Appeal

Finally, Movant claims that appellate counsel was constitutionally ineffective because he filed an *Anders* brief and failed to raise Movant's career offender claim on appeal.

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). An appellate counsel's performance is reviewed under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). Nor will counsel be deficient for failing to press a frivolous point. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394.

As addressed in Part IV.B.2.a, *supra*, the Court correctly applied the career offender enhancement to Movant. Moreover, appellate counsel's *Anders* brief cited *Burris* and acknowledged that "this case is not controlled by ACCA. It is controlled by the sentencing guidelines which specifically include robbery as a crime of violence." Appellant's Brief, *United States v. Sanchez*, 2020 WL 487244, at *27 (5th Cir. Jan. 21, 2020). Movant filed a *pro se* response objecting to counsel's withdrawal; however, the Fifth Circuit held that his appeal presented no nonfrivolous issues for appeal. *See Sanchez*, 2022 WL 965085 at *1.

Because Movant's claim that he did not qualify as a career offender under the Sentencing Guidelines would have been denied, appellate counsel did not render ineffective assistance when

10

he failed to raise it on appeal. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim").

Accordingly, this claim is denied.

## V. EVIDENTIARY HEARING

Movant requests an evidentiary hearing on his Section 2255 motion. Because the motion, files, and record of this case conclusively show that no relief is appropriate, no hearing is necessary. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Accordingly, Movant's request for an evidentiary hearing is denied.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved

differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to his claims.

## VII. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 183) is **GRANTED**, Movant's Section 2255 motion (D.E. 173) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 1st day of April, 2024.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE